IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Susan L. Hardy,                                  Case No. 3:11-CV-543

          Plaintiff

    v.                                        **ORDER**

Michael J. Astrue,
Commissioner of Social Security Administration

          Defendant

       This is a review of a Magistrate Judge's Report and Recommendation (R&R) [Doc. 16] upholding the Administrative Law Judge's (ALJ) denial of Social Security disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Plaintiff Susan Hardy objects to the R&R. [Doc. 17].

       Jurisdiction is proper under 42 U.S.C. §§ 405(g) and 1383(c)(3).

       Based on a *de novo* review, I adopt the Report and Recommendation and overrule Hardy's objections.

**Standard of Review**

       District judges review *de novo* those portions of a Report and Recommendation to which a party objects. Fed. R. Civ. P. 72(b). *De novo* review entails, at minimum, a review of the evidence

presented to the Magistrate Judge. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). If a district judge adopts the Magistrate Judge's Report and Recommendation, it need not state with specificity what it reviewed; that it states it has engaged in a *de novo* review is enough. *Id.*

Under 42 U.S.C. § 405(g), an ALJ's findings are conclusive so long as they are supported by substantial evidence. My review is thus "limited to determining whether there is substantial evidence in the record to support the findings." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). Although my review is *de novo*, I "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984).

## Discussion

Because the Magistrate Judge detailed plaintiff's procedural and medical history, I adopt those parts of his findings that plaintiff does not challenge.

Plaintiff raises four objections to the R&R:

1. The Commissioner erred in his determination of whether a listed impairment should apply;

2. The Commissioner erred in not affording substantial weight to the treating physicians' opinions;

3. The Commissioner did not adequately consider plaintiff's subjective allegations along with the objective medical evidence;

4. The Commissioner improperly determined that plaintiff was capable of light work, even with her limitations.

I address each of these in order.

### A. Listed Impairments

The Magistrate Judge found that plaintiff's impairments did not meet or equal the listed requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 1.04(A), 12.05(C) and/or (D). Plaintiff contends that she meets the requirements of each of the Listings.

### 1. Listing 1.04(A)

Plaintiff does not meet the listed requirements of 1.04(A). Impairment under 1.04(A) consists of:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

Plaintiff points to a handful of statements supporting her contention that she meets or equals this listing, namely diagnoses that she experienced chronic spinal pain and a "positive" straight-leg raising test. [Tr. 326-27; 338; 349; 373; 381]. The Magistrate Judge, however, based her finding that plaintiff did not meet the requirements of 1.04(A) on substantial evidence.

Plaintiff did not have a fully positive straight-leg test; she had a "somewhat positive" test on her right side. [Tr. 373]. Her doctors repeatedly and consistently noted little or no muscle weakness or motor loss upon examination. Additionally, the state agency physician stated that plaintiff gave "submaximal voluntary effort" on range of motion and manual muscle testing. [Tr. 407].

Plaintiff has shown that evidence exists in the record that would lend some credence to her argument that she met the Listing's requirements; she has not shown that the ALJ's denial and Magistrate Judge's upholding of that denial was not based on substantial evidence.

### 2. Listings 12.05 (C) and (D)

Plaintiff claims that she meets the requirements of both 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.05 (C) and (D). The listings read:

> Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> [...]
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> [...]
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

To meet the criteria for either Listing, the claimant must satisfy both the initial diagnostic description and at least one of the four sets of criteria found in Subparts A through D. *Foster v. Halter*, 279 F.3d 348, 354-55 (6th Cir. 2001). To satisfy the initial diagnostic description, the plaintiff must prove (1) she has significantly subaverage general intellectual functioning; (2) she has deficits in adaptive functioning; and (3) those deficits initially manifested themselves before age 22.

*Daniels v. Comm'r of Soc. Sec.*, 70 Fed. App'x 868, 872 (6th Cir. 2003) (unpublished disposition) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)) (internal quote marks omitted).

The ALJ found and the Magistrate Judge upheld that plaintiff did not meet this threshold requirement. Plaintiff's only evidence of subaverage intellectual functioning or deficits in adaptive functioning came in May, 2006, at the age of forty-two. She has shown no evidence of such impaired or deficient functioning predating testing conducted twenty years after 12.05's cutoff.

Additionally, the record repeatedly shows that plaintiff lacks marked difficulty in the areas relevant to 12.05(C) and (D). There is little to no demonstration of a related impairment to her ability to work, conduct her daily living, maintain social functioning, maintain concentration, persistence or peace, or that she repeatedly decompensates for extended periods of time.

The ALJ's finding that plaintiff did not meet the requirements of Listing 12.05(C) or (D) was based on substantial evidence, and I uphold it.

### B. Treating Physician Rule

Plaintiff claims the ALJ did not give proper weight to her treating physicians. The Magistrate Judge deemed plaintiff to have waived this issue, because she failed to identify any specific medical opinion to which the ALJ gave improper weight.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, "issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Plaintiff's argument is circular. Because the ALJ must determine which physicians' reports to give controlling weight to, the plaintiff may simply state that the ALJ has not done so without identifying the opinion or opinions given insufficient weight, thereby requiring the ALJ to review the record again and render another determination until the plaintiff is satisfied. Such a standard is both ethereal and counterproductive to the purpose of review – to remedy an error, the reviewing judge must have notice of what the error is.

Plaintiff has waived her treating physician opinion weight objection by failing to specify which, if any, opinions she is referring to.

### C. Consideration of Plaintiff's Subjective Allegations

Plaintiff argues the ALJ did not adequately consider her subjective allegations of pain and impairment, and that the ALJ's finding that she was not credible was not based on substantial evidence.

The ALJ looked at plaintiff's history, including her positive responses to treatment, examination and test results, and her inconsistent and questionable effort during examination, and determined that her subjective complaints of disability, which contradicted evidence from her physicians, were not credible. The ALJ's determination was based on substantial evidence, and I therefore adopt it.

### D. Plaintiff's Capacity to Perform "Light" Work

Plaintiff contends that the ALJ's reliance on the vocational examiner's (VE) determination that there were a significant number of jobs in the economy was in error. The basis of this error is that plaintiff is, in actuality, disabled, and therefore cannot perform any of those jobs.

This is most properly understood as an affirmation of plaintiff's other objections, or a collateral attack of the ALJ's decision on the same grounds as plaintiff's other objections. Only if

I were to accept that plaintiff actually met the requirements of one of the aforementioned disability listings, that the ALJ gave improper weight to a treating physician that declared plaintiff disabled, or that plaintiff's subjective allegations of pain and disability had merit, then it would follow that the VE's determination was in error. Plaintiff, however, offers no other evidence beyond her prior objections that the determination was erroneous, and as I reject those objections, so must I reject this one.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is, adopted, with judgment to enter in favor of the defendant.

So ordered.

s/James G. Carr
Sr. United States District Judge